UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS ARIANAS,

    Plaintiff,                                                    Case No. 18:-CV-01531-JDW-EAJ

vs.

LVNV FUNDING, LLC,

    Defendant.

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
OF DEFENDANT'S MOTION TO DISMISS COMPLAINT**

COMES NOW, Plaintiff, ELIAS ARIANAS, by and through the undersigned counsel, and hereby files this Memorandum in Opposition of Defendant's Motion to Dismiss Complaint, and in support thereof, states as follows:

1. This is an action for damages caused by violations of the Florida Consumer Collection Practices Act (Florida Statutes §559.55) and the federal Fair Credit Reporting Act (15 U.S.C. §1681) based on Defendant making numerous, false, negative reports on MR. ARIANAS' credit report in relation to two credit card accounts which MR. ARIANAS paid off a long time ago with the original creditors.

2. Defendant was served with the Complaint in the Thirteenth Judicial Circuit in and for Hillsborough County on June 2, 2014, but the case was removed to Federal Court based on Federal Question Jurisdiction relating to Plaintiff's Fair Credit Reporting Act claim.

3. The Court has Supplemental Jurisdiction over Plaintiff's Florida Consumer Collection Practices Act claim.

4. On July 14, 2014, Defendant filed a Motion to Dismiss alleging that Plaintiff's Complaint should be dismissed for the following reasons:

(1) Under Plaintiff's Florida Consumer Collection Practices claim (Florida Statutes §559.55), Plaintiff sought statutory damages of $1,000.00 per incident, and Defendant asserts that Plaintiff is only entitled to a maximum relief of $1,000.00 for all of the violations combined;

(2) Defendant alleges that Plaintiff failed to state a claim for violations of the Fair Credit Reporting Act (15 U.S.C. §1681) because:

  a) Defendant alleges that Plaintiff failed to allege which sections of the Act Defendant violated;

  b) Defendant claims there is no private right of action to sue under 15 U.S.C. §1681s-2(a)(a)(A) and (B); and

  c) Defendant claims that Plaintiff failed to allege that Defendant received notice of Plaintiff's dispute from a credit reporting agency.

5. A Complaint must be liberally construed, drawing all reasonable inferences in Plaintiff's favor. *Twombly*, 550 US at 555 (cited on page 2 of Exhibit A to Defendant's Motion to Dismiss).

6. Pleadings must be construed so as to do justice. 28a U.S.C. Rule 8, General Rules of Pleading.

**PLAINTIFF FAILS TO STATE A BASIS FOR DISMISSAL OF PLAINTIFF'S CLAIM FOR DAMAGES UNDER FLORIDA CREDIT REPORTING ACT**

7. Pursuant to Section §559.552 of the Florida Consumer Collection Practices Act,

> "Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. ***In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.***" [emphasis added]

8. The federal Fair Debt Collection Practices Act permits statutory damages in the amount of $1,000.00 per incident. (15 U.S.C. §1681n)

9. In its Motion to Dismiss, Defendant attempts to assert that the federal Act does not allow for statutory damages of $1,000.00 per incident., however, in support thereof, Defendant cited a 2011 case from the Eastern District of Pennsylvania,; Defendant failed to cite any binding authority.

10. If the Florida Consumer Collection Practices Act limits damages to a maximum of $1,000.00 for all incidents combined as Defendant is alleging, then the damages provision of the Florida Act would be inconsistent with the damages provision of the federal Act, and pursuant to the Florida Act, this inconsistency should be resolved by applying the federal Act's damages provision because it is more protective of the consumer or debtor

11. The damages provision of the federal Act provides for a greater damage award, and therefore, is more protective of the consumer or debtor, and therefore, should prevail.

12. If Plaintiff's claim for damages is liberally construed, drawing all reasonable inferences in Plaintiff's favor, then the Court should find that federal Act's damages provision prevails and therefore, Plaintiff's claim for damages is permissible. *Twombly*, 550 US at 555 (cited on page 2 of Exhibit A to Defendant's Motion to Dismiss).

13. Additionally, even if this Court was still inclined to find that the damages provision of the federal Act does not prevail over the damages provision of the Florida Act, still, this would not be a basis to dismiss the claim.

14. In support of its argument that Plaintiff's claim should be dismissed, Defendant attached an "Order Granting Motion to Dismiss" from Southern District case, *Pewzner vs. Medical Recovery Specialists, LLC*, dated December 4, 2012, which was based in part on a Plaintiff's claims for damages in the amount of $1,000.00 per incident for alleged violations of the federal Fair Debt Collection Practices Act as well as violations of the Florida consumer

Collection Practices Act. A copy of that Order is attached to Defendant's Motion to Dismiss as Exhibit "A."

15. Pertaining to his first claim, the Plaintiff in *Pewzner vs. Medical Recovery Specialists, LLC* failed to dispute the Defendant's argument that the statutory damages for that claim were limited to $1,000 maximum for all violations in total; therefore, because the Plaintiff failed to dispute Defendant's argument, the Court dismissed that particular claim; in contrast, the Plaintiff in this case does dispute Defendant's assertion that his damages are limited to $1,000.00 per incident. See the Order attached to Defendant's Motion to Dismiss as Exh "A."

16. Regarding a second claim for damages in the amount of $1,000.00 per incident, however, the Plaintiff in that case did not concede that he was limited to $1,000.00 per incident.

17. Regarding the second claim, the Court found that Plaintiff was limited to $1,000.00 per incident, nonetheless, but did not dismiss the claim, rather, the Court simply limited the statutory damages Plaintiff could seek on the claim to no more than $1,000.00. See the Order attached to Defendant's Motion to Dismiss as Exh "A."

18. Accordingly, should this Court find that the damages provision of the federal Act does not prevail in Plaintiff's Florida claim, then the Court should simply limit the statutory damages for that claim to $1,000.00 maximum, without dismissing the claim, so that the Complaint is construed so as to do justice, as intended pursuant to Rule 8. 28a U.S.C. Rule 8, General Rules of Pleading

**PLAINTIFF FAILS TO STATE A BASIS FOR DISMISSAL OF PLAINTIFF'S CLAIM UNDER FEDERAL**

**1)** **Plaintiff Sufficiently Alleged Which Sections of the Act Defendant Violated**

19. In its Motion to Dismiss, Defendant alleges that ". . . it is unclear whether Plaintiff has stated a valid claim . . ." because Plaintiff allegedly failed to assert which section of the federal Act Defendant violated.

20. Pursuant to the General Rules of Pleading, Rule 8(a), a pleading states a claim for relief if it contains a ". . . short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought. . ."

21. ¶98 (a)-(k) of the Complaint tracks, almost verbatim, language from the various sections of 15 U.S.C. 1681 which Plaintiff alleges Defendant has violated.

22. It is clear and unambiguous which violations are being alleged.

23. The General Rules of Pleading do not require more than a short and plain statement of the claim in the Complaint – the initial charging document.

24. Wherefore, Plaintiff's Complaint is compliant with the General Rules of Pleading and should not be dismissed.

**2) There Is A Private Right of Action for Plaintiff's Claims and Plaintiff Appropriately Alleged that Defendant Received Notice of Plaintiff's Dispute from Plaintiff, A Consumer or Debtor**

25. 15 U.S.C. 1681n provides, "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—. . ."

26. 15 U.S.C. 1681s-2(B) provides, "A person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified *by the*

*consumer*, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate. [emphasis added]

27.     In its Motion to Dismiss, Defendant asserted that the Fair Credit Reporting Act provides a private right of action for a violation of 15 U.S.C. §1681s-2(B) ". . . only if the furnisher received notice of the consumer's dispute from a consumer reporting agency," and in support thereof, a case from the Middle District of Florida from the year 2011 was cited.

28.     Today, the statute clearly reads that such notice need only be provided ***by the consumer***.   [emphasis added]

29.     Plaintiff is a consumer and/or debtor.

30.     ¶98 and ¶¶43-47 of the Complaint allege that Plaintiff sent notices to Defendant of his dispute.

31.     Wherefore, Plaintiff has a private right of action for all of his claims, including his claims for violations of 15 U.S.C. §1681s-2(B).

## CONCLUSION

32.     Because the damages provision of the federal Act provides for statutory damages in the amount of $1,000.00 per incident, and because the damages provision of the federal Act prevails in Plaintiff's Florida claim, Plaintiff's claim for violations of the Florida Consumer Collection Practices Act should not be dismissed.   Additionally, even if this honorable Court was inclined to find that the damages provision of the federal Act does not prevail in Plaintiff's claim under the Florida Act, the Court should just limit the statutory damages for that claim to $1,000.00 maximum, without dismissing the claim, so that the Complaint is construed so as to do justice, as intended pursuant to Rule 8 of the General Rules of Pleading.   And because

Plaintiff's claims for violations of the federal Act are unambiguous and the allegations related thereto track the language of the various provisions of the federal Act which Defendant is alleged to have violated, and because the Complaint contains a ". . . short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought. . .," it should not be dismissed for failure to state a claim.   In addition, because Plaintiff properly alleged that Defendant received the required statutory notice of his dispute, and because the federal Act provides for a private right of action for all of Plaintiff's claims, the Complaint should not be dismissed for failure to state a claim.   Wherefore, the Motion to Dismiss should be denied and Defendant should be made to respond substantively to the allegations of the Complaint.

   *Sheri L. Gerwe /slg 6.23.14/*
SHERI L. GERWE, ESQUIRE
FBN: 509965
Bayway Law, P.A.
2822 54th Avenue South, #227
St. Petersburg, FL   33712
Phone: (727) 430-8477
sherilfreeman@hotmail.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I CERTIFY that on this, the 24th day of July, 2014, the foregoing pleading was filed with the Clerk of Court via the CM/ECF system, and a copy was sent to the following via email:

Barbara Fernandez, Esquire
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL   33134
*bfernandez@hinshawlaw.com;*
*dconnolly@hinshawlaw.com*

   *Sheri L. Gerwe /slg 7.24.14/*
   SHERI L. GERWE, ESQUIRE