UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS ARIANAS,

    Plaintiff,

vs.                                       Case No. 8:14-cv-01531-T-27EAJ

LVNV FUNDING LLC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 22), and Plaintiff's response (Dkt. 23). Upon consideration, the motion is **GRANTED** *in part* and **DENIED** *in part*.

### BACKGROUND

Plaintiff Elias Arianas brought this action alleging violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, stemming from a disputed debt and Defendant's reporting of the debt to credit agencies. (Dkt. 20).

Plaintiff owed debts to Washington Mutual (the account was later acquired by Chase) and GE, and allegedly paid them off and closed the accounts in 2008. (*Id.* ¶¶ 9-15). Defendant LVNV Funding acquired these credit accounts in September 2011, even though they had been paid off in full. (*Id.* ¶ 16). After acquiring these accounts, Defendant allegedly furnished negative reports regarding the accounts to the major consumer credit reporting agencies on several occasions in 2013.

(*Id.* ¶¶ 17, 28-29, 32, 35-39). In response, Plaintiff filed disputes with Defendant and the consumer credit reporting agencies. (*Id.* ¶¶ 44, 47, 62, 70). Defendant refused to retract the negative reports. (*Id.* ¶¶ 46, 48, 59-60).

Plaintiff originally filed a two-count complaint in state court, which Defendant removed to federal court. (*See* Dkt. 1). Defendant then moved to dismiss the complaint, and its motion was granted, limiting Plaintiff's statutory damages under the FCCPA to $1000, and dismissing Plaintiff's FCRA claim with leave to amend. (Dkt. 16). Plaintiff filed an amended complaint (Dkt. 20), which Defendant has again moved to dismiss. (Dkt. 22).

## STANDARD OF REVIEW

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2008) (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143,

2

157 (2d Cir. 2007), *rev'd sub nom. Ashcroft v. Iqbal*, 556 U.S. 672 (2009)). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.*

All of the factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### DISCUSSION

*Count I – FCCPA Claim*

Plaintiff's state law FCCPA claim was previously limited to a maximum of $1,000 in statutory damages. (*See* Dkt. 16). Defendant now moves to dismiss the FCCPA claim in the Amended Complaint, contending it is preempted by the FCRA.

The FCRA's preemption provision states, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ." 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2 regulates the furnishing of information to consumer reporting agencies, but not the collection of debt. Courts have interpreted the preemption provision to preempt claims based on furnishing of information to reporting agencies, but an "'unfair debt collection practices claim survives [FCRA] preemption' if the defendant's debt collecting is separate from the defendant's credit reporting." *Menashi v. American Home Mortgage Servicing, Inc.*, No. 8:11-cv-1346-T-23EAJ, 2011 WL 4599816 (M.D. Fla. Oct. 4, 2011), at *2

(quoting *Ross v. FDIC*, 625 F.3d 808, 810, 817 (4th Cir. 2010)); *Best v. Bluegreen Corp.*, No. 14-80929-CIV, 2014 WL 6883083, at *3 (S.D. Fla. Dec. 4, 2014); *Osborne v. Vericrest Fin., Inc.*, No. 8:11-cv-716-T-30TBM, 2011 WL 1878227, at *2-3 (M.D. Fla. May 17, 2011).

Here, Plaintiff's FCCPA claim is based on two alleged practices by Defendant: furnishing information to the consumer reporting agencies, and seeking to collect the debt from Plaintiff, including by references to providing information to the consumer reporting agencies. (*Compare* Dkt. 20 ¶ 89 (d-e, j) ("Defendant violated [the FCCPA] by . . . Knowingly making numerous false reports to consumer credit reporting agencies") *with id.* ¶ 89 (f-g) ("Knowingly attempting to enforce payments on accounts . . .") The first practice is preempted by the FCRA, but the second is not. "Defendant's threatened conduct falls within the FCRA['s preemption clause.] But the threat itself does not." *Best*, 2014 WL 6883083, at *3. Therefore, the motion to dismiss will be granted to the extent the FCCPA claim is based on the furnishing of information to the reporting agencies, and otherwise denied.

*Count II – FCRA Claim*

The FCRA imposes two separate duties on furnishers, like Defendant here. *Green v. RBS Nat'l Bank*, 288 Fed. App'x 641, 642 (11th Cir. 2008). First, they must provide accurate information to the consumer reporting agencies. 15 U.S.C. § 1681s-2(a). Second, upon notice of a dispute from a consumer reporting agency, they must investigate the accuracy of the information questioned. 15 U.S.C. § 1681s-2(b). Plaintiff alleges Defendant has violated both duties. (*See* Dkt. 20 ¶ 99(a-d; f; g-j)). However, as explained in the order on the previous motion to dismiss, there is no private right of action to enforce 15 U.S.C. § 1681s-2(a); enforcement is reserved for federal and state regulators.

(Dkt. 16 at 5). *See Green*, 288 Fed. App'x at 642 n.2. To the extent Plaintiff continues to assert claims under 15 U.S.C. § 1681s-2(a), they are due to be dismissed with prejudice.

Plaintiff does adequately allege violations of 15 U.S.C. § 1681s-2(b), which provides a private right of action when furnishers fail to promptly investigate and respond to notices of disputes. *Green*, 288 Fed. App'x at 642-43. To bring a claim under 15 U.S.C. § 1681s-2(b), a furnisher must have received notice of a dispute from a consumer reporting agency. *Id.* at 642. In the Amended Complaint, Plaintiff adequately alleges he provided notice of the dispute to the consumer reporting agencies, which in turn notified Defendant. (*See* Dkt. 20 ¶ 62). Therefore, Defendant's motion to dismiss will be denied with respect to claims based on 15 U.S.C. § 1681s-2(b).

Accordingly,

1) Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 22) is **GRANTED in part** and **DENIED in part**.

2) To the extent Plaintiff's FCCPA claim (Count I) is based on Defendant's provision of information to the consumer reporting agencies, it is **DISMISSED with prejudice**.

3) To the extent Count I is based on attempts at debt collection, the motion to dismiss is **DENIED**.

4) To the extent Count II is based on violations of 15 U.S.C. § 1681s-2(a), it is **DISMISSED with prejudice**.

5) To the extent Count II is based on violations of 15 U.S.C. § 1681s-2(b), the motion to dismiss is **DENIED**.

6) Defendant shall answer the Amended Complaint (Dkt. 20) within fourteen (14) days.

**DONE AND ORDERED** this \_\_7th\_\_ day of January, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record