UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS ARIANAS,

    Plaintiff,   Case No. 18:-cv-01531-JDW-EAJ

vs.

LVNV FUNDING, LLC,

    Defendant.

_____/

### MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Plaintiff, ELIAS ARIANAS, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure, Rule 26(b), Rule 36(a)(6), and Rule 37, hereby files this Motion to Compel Discovery, and in support thereof, states as follows:

1. This is an action for damages caused by violations of the Florida Consumer Collection Practices Act and the Federal Fair Credit Reporting Act based on Defendant making numerous, false, negative reports on MR. ARIANAS' credit report in relation to two credit card accounts that MR. ARIANAS previously paid off and settled with the original creditors to collect on those false debts.

2. During the discovery process in this case, the parties mutually agreed to, and the court approved of, an extension of the initial discovery cut off date.

3. The current discovery cut off date is April 24, 2015.

4. This is a motion to compel better responses to the following requests for discovery:

I.     PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, NUMBERS 1 AND 2

5.     Plaintiff's First Request for Admission, number 1 states: "Admit that Defendant never sent an annual statement to Plaintiff on the Washington Mutual Account."

6.     Plaintiff's First Request for Admission, number 2 is almost identical to number 1, except that it regards the other Account at issue, the GE Account; it states: "Admit that Defendant never sent an annual statement to Plaintiff on the GE Account."

7.     To both requests, Defendant responded, "Defendant objects to the extent it is unclear what the term 'annual statement' means."

8.     In a good faith effort to resolve the dispute informally, on March 13 ,2015, Plaintiff sent Defendant a letter clarifying that the term, "annual statement" means "a statement that shows the amount of interest paid on the account during the previous year as well as the remaining balance," which is the terminology used in Florida Statutes §516.15, a statute that applies to the business activities of Defendant.

9.     After defining the term "annual statement," Plaintiff asked Defendant to provide an amended answer to the Requests for Admissions, but Defendant has failed and/or refused to provide an amended answer, and no other response of any kind was ever received from Defendant.

10.     Rule 36(6) of the Federal Rules of Civil Procedure, permits a party to move the Court for a determination of the sufficiency of an objection to a Request for Admission, and "Unless the Court finds that objection is justified, it must order than an answer be served."

11.     Because Defendant is charged with knowledge of what an annual statement is pursuant to Florida Statutes Florida Statutes §516.15, and because Plaintiff provided the

definition of what is meant by the term "annual statement" as it is used in the Request for Admission, Defendant's objection, as well as Defendant's continuation of the objection, is not justified.

12.     **Wherefore, Plaintiff hereby moves the Court for a determination which finds that Defendant's objections to numbers 1 and 2 of Plaintiff's First Requests for Admissions are not justified, and requires Defendant to answer the Request for Admission within seven (7) days from the date of the Order.**

    II.    PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, NUMBERS 2 AND 9

13.     Plaintiff's First Request for Production of Documents to Defendant, number 2 seeks, "All documents and things relating to the accounts at issue," and number 9 seeks, "All documents and things relating to your communications to and from the consumer credit reporting agencies, Equifax, TransUnion, and Experian, regarding the accounts at issue; from your first communication regarding either one of the accounts at issue through the present."

14.     In the definitions section of the Request for Production of Documents, the terms "you," "your" and "yours" are defined as referring to Defendant as well as its agents.

15.     In response, Defendant provide some documents but also withheld other documents conditional on the execution of a Confidentiality Agreement; Plaintiff executed the Confidentiality Agreement and further documents were then provided.

16.     None of the documents provided contain any communications between LVNV Funding and its agent, Resurgent Capital Services.

17. None of the documents provided contain communications from a consumer reporting agency to LVNV Funding or its agent, Resurgent Capital, regarding the accounts at issue.

18. In response to Interrogatory number 9 of Plaintiff's First Interrogatories to Defendant, Defendant stated that Resurgent Capital Services was an agent or representative of Defendant, and that Resurgent Capital sent communications to Plaintiff in an attempt to collect the accounts alleged in the complaint.

19. Therefore, it is not reasonable to believe that there are no communications between LVNV Funding and Resurgent Capital Services regarding the Accounts at issue in the Complaint.

20. In addition, in response to a subpoena for documents and information, Equifax provided a report which shows that a communication was sent from Equifax to the Defendant or an agent or representative of Defendant.

21. Therefore, it is not reasonable to believe that there are no communications from a consumer credit reporting agency to Defendant or Resurgent Capital.

22. On March 30, 2015, Plaintiff sent a letter to Defendant in a good faith attempt to resolve this issue informally, in which Plaintiff asked Defendant to either produce the communications between Defendant and its agent, Resurgent Capital, and communications from the consumer credit reporting agencies to the Defendant and/or Defendant's agent, Resurgent Capital, or state that no such documents exist.

23. No response was ever received from Defendant, so it is assumed that these documents exist but were not provided.

24. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

25. Pursuant to Rule 37(a)(4) of the Federal Rules of Civil Rules of Procedure, an incomplete disclosure must be treated as a failure to respond.

26. Pursuant to Rule 37(a)(5)(A), if this motion is granted, or if the requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the Defendant to pay Plaintiff for the reasonable expenses and attorney fees which were incurred in making of this motion.

27. **Wherefore, Plaintiff seeks an Order compelling a complete and full response to numbers 2 and 9 of Plaintiff's First Request for Production of Documents, and award Plaintiff the reasonable costs and attorney fees he incurred in the making of this motion.**

   III.   REQUEST FOR IN CAMERA INSPECTION OF REDACTED
          INFORMATION

28. In response to a discovery request, D produced documents identified as "Account Event History Relating to Plaintiff's Accounts."

29. Before these documents were produced, Plaintiff signed a Confidentiality Agreement to satisfy Defendant's concerns over the potential disclosure of confidential or proprietary information.

30. The documents were produced with information redacted which does not seem likely to be privileged.

31. At the bottom of each page of the Account Event History, information which appears to be one or two words long and is next to the page number is redacted.

32. Also, one or two words are redacted on a page containing brief, routine data entries that consist of a few words and numbers each; it appears between entries for "Purchase Date" and "Date of First Delinquency;" everything else on this page is seemingly mundane, routine, non-privileged.

33. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.

34. Pursuant to Rule 37(a)(4) of the Federal Rules of Civil Rules of Procedure, an incomplete disclosure must be treated as a failure to respond.

35. Pursuant to Rule 37(a)(5)(A), if this motion is granted, or if the requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the Defendant to pay Plaintiff for the reasonable expenses and attorney fees which were incurred in making of this motion.

36. **Wherefore, Plaintiff requests that this Honorable Court enter an Order requiring Defendant to provide the Court with an un-redacted copy of the Account Event History documents that were previously produced to Plaintiff, so that the Court may conduct an in-camera inspection to determine whether or not the redacted information was improperly withheld from disclosure, and if the Court finds that information was improperly withheld from disclosure, then award Plaintiff the reasonable costs and attorney fees he incurred in the bringing of this motion.**

IV.    PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS AND THIRD INTERROGATORIES

37.    Plaintiff served his Second Request for Admissions and Third Interrogatories on Defendant on March 25, 2015.

38.    Defendant's responses were due on or before April 24, 2015, the discovery cut off date.

39.    Defendant objected to providing a response, claiming that the requests were untimely served; Defendant claimed that the requests were served less than 30 days before the discovery cut off date.

40.    Given that April 24, 2015 is the final day of discovery before it is cut off, they were served within 30 days of the discovery cut off.

41.    In support of its objection, Defendant cited to *Jim Boast Dodge, Inc. v. Daimler Chrysler Motors Co., LLC*, No. 8:05-CV-1999-T-30MAP, 2007 WL 4409781 (M.D. Fla. Jan 16, 2007), in which the court stated that a party must file discovery more than thirty days prior to the completion date in order to permit time to file a motion to compel before the completion date.

42.    The reasoning in Jim Boast Dodge was that filing a motion to compel after the completion date would be untimely. *Parkervision, Inc. v. Qualcomm Incorporated v. Parkervision, Inc. and Sterne, Kessler, Goldstein & Fox, PLLC*, No. 3:11-cv-719-J-37TEM (M.D. Fla. Jan. 9, 2013.

43.    In the case at hand, Plaintiff could have filed a motion to compel discovery on April 24, 2015, therefore, the discovery requests were not untimely. *Parkervision, Inc. v. Qualcomm Incorporated v. Parkervision, Inc. and Sterne, Kessler, Goldstein & Fox, PLLC*, No. 3:11-cv-719-J-37TEM (M.D. Fla. Jan. 9, 2013.

44. ". . .District Courts have wide discretion and authority to control their cases. . ." and ". . . the trial court's exercise of discretion regarding discovery orders will be sustained unless an appellate court finds the trial court abused its discretion, resulting in 'substantial harm to the party seeking relief.'" *Parkervision, Inc. v. Qualcomm Incorporated v. Parkervision, Inc. and Sterne, Kessler, Goldstein & Fox, PLLC*, No. 3:11-cv-719-J-37TEM (M.D. Fla. Jan. 9, 2013.

45. In *Parkervision*, the Court weighed earlier consensus between the parties to extend discovery deadlines and the swiftness with which a motion to compel was filed after receiving incomplete discovery responses, and exercised its discretion so as to allow a motion to compel which was filed after the discovery cut off date.

46. In this case, the parties mutually agreed to, and the court approved of, an extension of the initial discovery cut off date.

47. In addition, when two discovery responses were due from Defendant on April 16, 2015, Defendant requested, and Plaintiff immediately granted, a seven-day extension within which Defendant could provide the responses.

48. Also, because the corporate representative of Defendant stated that he was not available for a deposition before April 24, 2015, his deposition will be on May 8, 2015 by agreement of the parties - after the discovery cut off date.

49. The *Parkervision* court stated that "Turning over legitimate discovery to the other side furthers the interests of justice and farness, and decreases the chances of trial by ambush."

50. All of the requests at issue seek information about Defendant's Affirmative Defenses which claim that a bona fide error occurred which might have caused or contributed to a violation of debt collection practices and credit reporting laws.

51. Plaintiff is unable to obtain this information from any other source, and therefore, all of the requests seek information that is materially relevant to the case and Plaintiff would be unfairly prejudiced if he was unable to obtain this information before trial.

52. Defendant also stated that the Interrogatories were in excess of the limit of Interrogatories pursuant to the Rules.

53. Plaintiff's Third Set of Interrogatories only contains five interrogatories, and all of them seek information regarding Defendant's First and Sixth Affirmative Defenses which claim that a bona fide error might have caused or contributed to a violation of debt collection practices and credit reporting laws.

54. Plaintiff did not serve the requests with the intention of harassing Defendant or causing delay and the requests are not overly burdensome.

55. Pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure, the court may alter the limits regarding the number of interrogatories allowed.

56. **Wherefore, Plaintiff respectfully requests that this Court enter an Order allowing the additional five Interrogatories included in Plaintiff's Third Interrogatories and compelling Defendant to provide full and complete responses to Plaintiff's Second Request for Admissions and Plaintiff's Third Interrogatories to Defendant.**

## Certification of Good Faith Conferences

57. The undersigned hereby certifies that she contacted opposing counsel on March 11, 2015, March 13, 2015, and March 30, 2015 about the discovery dispute over Defendant's Response to Plaintiff's First Request for Admissions to Defendant, in a good faith attempt to resolve these issues without the necessity of a motion to compel discovery.

58. Additionally, the undersigned hereby certifies that she contacted opposing counsel on March 30, 2015 about the discovery dispute over Defendant's Response to Plaintiff's First Request for Production of Documents aw well as Plaintiff's request for a better Privilege Log, in a good faith attempt to resolve these issues without the necessity of a motion to compel discovery.

59. In addition, the undersigned hereby certifies that she tried calling opposing counsel and her assistant a total of 6 times on April 22, 2015 and April 23, 2015, regarding disputes pertaining to Defendant's Answer to Plaintiff's First Interrogatories, Defendant's Response to Plaintiff's Second Request for Admissions, Defendant's Response to Plaintiff's Third Interrogatories, and the other discovery disputes mentioned in above, and I left voice mail messages, in a good faith attempt to resolve these issues without the necessity of a motion to compel discovery, however, I was unable to reach opposing counsel or her assistant prior to the end of the business day on April 23, 2015, before this motion was filed.

   *Sheri L. Gerwe /slg/*
SHERI L. GERWE, ESQUIRE
FBN: 509965
Bayway Law, P.A.
2822 54th Avenue South, #227
St. Petersburg, FL   33712
Phone: (727) 430-8477
sherilfreeman@hotmail.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I CERTIFY that on this, the 23rd day of April, 2015, the foregoing pleading was filed with the Clerk of Court via the CM/ECF system, and a copy was sent to the following via email and Regular US Mail:

Barbara Fernandez, Esquire
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL   33134
*bfernandez@hinshawlaw.com*
*dconnolly@hinshawlaw.com*

*Sheri L. Gerwe /slg/*
SHERI L. GERWE, ESQUIRE