UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS ARIANAS,

               Plaintiff,

vs.

                                    Case No. 8:14-cv-01531 DJW EA

LVNV FUNDING, LLC.,

               Defendant.

_____ /

## LVNV FUNDING'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO AMEND PLEADINGS

Defendant, LVNV FUNDING, LLC, by and through undersigned counsel, hereby files its Response in Opposition to Plaintiff's Amended Motion to Amend Pleadings [DE 66, DE 67] and states as follows:

## INTRODUCTION

Plaintiff filed an amended motion to amend the amended complaint, which makes substantial changes to the second amended complaint. Plaintiff seeks to add two additional Defendants, to add a claim under the Telephone Consumer Protection Act, and to plead new facts not found in previous iterations of the complaint. Plaintiff fails to show good cause for such drastic amendments to the pleadings at this late stage of litigation.  Furthermore, Plaintiff fails to correct the underlying deficiencies in his complaint, as identified is this Court's previous orders and in Defendant's Response to Plaintiff's Motion to Amend Pleadings [DE 61].[1]

Plaintiff disingenuously alludes to three reasons for having to amend his motion to amend: the lack of a deposition transcript, the receipt of the motion for summary judgment, and

_____

[1] Plaintiff's current arguments for amending the pleadings are largely similar to the arguments set forth in the first motion to amend the pleadings; therefore Defendant's response to that motion is incorporated here.

the need to correct deficiencies identified in Defendant's response to the Motion to Amend the Amended Complaint. All of these reasons are disingenuous and not based in law, and therefore do not justify Plaintiff again attempting to amend the pleadings more than a month after the close of discovery.

First, Plaintiff cites to the lack of availability of the corporate deposition:

> When the original motion for leave to amend was filed, Plaintiff was not yet in possession of the deposition transcript of the corporate representative of LVNV FUNDING, LLC ("LVNV FUNDING"), and therefore, stated that the motion would be amended so as to include the deposition transcript once it was received. A copy of the relevant deposition excerpts from the deposition of the corporate representative of LVNV FUNDING, which occurred on May 8, 2015 ("LVNV Deposition"), are filed with the Court under separate cover.

Amended Motion to Amend the Amended Complaint ¶ 2 [DE 66]. Plaintiff's statement that he indicated that the motion would be amended is patently false. What Plaintiff's motion actually stated was that excerpts of the deposition would be filed when received:

> A deposition transcript has been ordered, but is not finished being transcribed at the time of the filing of this motion, however, relevant excerpts will be filed as supplemental exhibits to this motion upon receipt. ¶ 13.

> A deposition excerpt will be attached to the motion upon receipt. ¶¶ 15, 18, 19, 38, 39.

> The deposition transcript has been ordered, but it is still being transcribed as of the date of the filing of this motion, but a relevant excerpt of the deposition will be filed with the Court once the transcript is received ¶ 34

> An excerpt of the deposition will be filed upon receipt of the transcript. ¶ 41.

Plaintiff's Motion to Amend the Amended Complaint [DE 57]. Plaintiff explicitly stated that the deposition would be filed as an exhibit to the first motion to amend. This in no way is the same as Plaintiff stating that it intended to amend the complaint to include additional parties and new

statutory causes of action. Defendant fully responded to the motion to amend, as it was in no way on notice that it should have waited for a new motion to amend the complaint before responding. Plaintiff fails to reconcile the fact that the changes to the motion are not adding references to the deposition, but instead asserting entirely new statutory claims and a party that has nothing to do with the transcript of the deposition.

Secondly, Plaintiff points to the Defendant's Motion for Summary Judgment as the reason for needing to amend the Motion to Amend the Amended Complaint. Not only is the timing suspect, as the Defendant's Motion for Summary Judgment was filed prior to the first Motion to Amend, and so Plaintiff had an opportunity to review it prior to filing, but the reasoning is backwards, as Defendant's motion consisted entirely of record evidence, and in no way provided a basis for amending the complaint, as the evidence cited had all been produced and therefore could not be newly discovered. Plaintiff seemingly is under the impression that a proper response to a motion for summary judgment that shows fatal flaws in Plaintiff's case, is to return to step one of litigation and simply file a new complaint with new claims and defendants. This approach to litigation needlessly increases cost, as once a summary judgment motion is filed, Defendant has expended the resources necessary to either have a decision made on the motion, or to have its case heard in court. Plaintiff's attempts to return the case to the beginning of discovery and force Defendant to slog through numerous discovery requests yet again is an attempt to needlessly drive up litigation costs.

As a third reason for the need to amend Plaintiff's motion to amend the pleadings, Plaintiff insinuates that he is attempting to correct flaws identified in Defendant's response to the original motion to amend. Plaintiff makes no mention of how adding another new defendant and a completely new statutory cause of action remedies Defendant's arguments against the motion.

Attempting to assert completely new claims under the guise of correcting deficiencies as a result of Defendant's response is completely misleading, especially when the flaws identified in Defendant's response remain in Plaintiff's amended motion. Plaintiff insists on pleading claims that have been dismissed by this Court. Furthermore, despite Defendant fully briefing the standard for a motion to amend pleadings after the deadline in a case management and scheduling order, and citing the case law showing a need for diligence, Plaintiff includes a mere two conclusory sentences on diligence and again completely ignores the standard for his motion and the need to show good cause. Even if Plaintiff was ignorant of the legal basis of his first motion for leave to amend, ignoring the governing law after it had been briefed at Defendant's expense and neglecting to show the requisite good cause and diligence is fatal to his motion.

## **MEMORANDUM OF LAW**

In analyzing whether to grant a motion to amend pleadings after the deadline set forth in the courts scheduling order, the Eleventh Circuit's precedent requires a showing of diligence by the moving party, to meet the burden of establishing good cause:

> In *Sosa*, the court considered three factors in assessing diligence exercised in meeting the deadline set in the scheduling order for amending the complaint: 1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment.

*Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002)(citing *Sosa v. Air print Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)(upholding a denial of a motion to amend when plaintiff's failure to comply with the scheduling order was a result of a "lack of diligence in pursuing her claim")); *See also Smith v. Sch. Bd. of Orange City.*, 487 F.3d 1361, 1367 (11th Cir. 2007) (holding that a failure to indicate why new facts were previously undiscoverable was a failure to show good cause); *Crockett v. GEO GRP., Inc.*, 582 F. Appx 793, 796 (11th Cir.

2014)(the "Court has said that where new facts provide the basis for the out-of-time amendment, the party should offer an explanation for 'why those facts previously were undiscoverable'); *Sanchez v. H & R Main., L.C.,* 294 F.R.D. 677, 679 (S.D. Fla. 2013)(denying motion to amend complaint to add new parties when "[p]plaintiff was aware that the parties whom she now seeks to add were possible parties prior to filing her original complaint"); *Gonzalez v. Pirelli Tire, LLC*, No. 608-CV-315-ORL19DAB, 2008 WL 2074408, at *3 (M.D. Fla. May 15, 2008)(denying motion to amend complaint to add parties and a claim for punitive damages because "a lack of diligence underlies [the] untimely motion rather than good cause"). Furthermore, any motion to amend a pleading is "distinctly disfavored after entry of the Case Management and Scheduling Order." Local Rule 3.05(c)(2)(E); *See also* Case Management Order, ¶4 [DE 21].

Plaintiff misstates the standard of law for reviewing the motion to amend pleadings. While it is true that motions to amend pleadings prior to an established deadline are reviewed on a relatively lenient basis, motions to amend pleadings after the deadline established in the court's case management and scheduling order require a showing of good cause. *See Sosa,* 582 F. Appx at 796; Fed. R. Civ. P. 16 (b)(4). Furthermore, Plaintiff misleadingly quotes the single case to which he cites in his motion. While *Goolsby v. Gain Technologies, Inc.,* does contain the language that Plaintiff quotes, it also makes clear that the standard is different once the date to amend the pleadings has passed. 362 Fed. Appx. 123, 131 (11th Cir. 2010)("The good cause standard for modification of a scheduling order "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension"). In fact, the Eleventh Circuit in *Goolsby* upheld a District Court judge denying multiple motions to amend the pleadings after the deadline for failure to show good cause and granting summary judgment for

5

defendant. *Id*. ("the district court did not abuse its discretion in concluding that [plaintiff] did not give good cause for his failure to add additional claims, factual allegations, and an additional party at an earlier date."). Therefore, under the standard set forth in *Goolsby*, Plaintiff's motion should be denied.

In this case, the deadline to amend the pleadings was 10 days after the discovery cut-off date. *See* Scheduling Order [DE 21]. Moreover, Plaintiff agreed in the Case Management Report that the deadline to move to join parties was October 27, 2014, since the deadline must be at least 120 days prior to close of discovery. *See* ¶7 of [DE 17]. The discovery cut-off date was April 24, 2015, *see* Order Extending Discovery [DE 31], meaning the deadline for Plaintiff to Amend the Pleadings passed on May 4, 2014. Plaintiff has not met his burden of showing of good cause to amend the complaint in violation of the scheduling order. S*ee Rogers v. Hartford Life & Acc. Ins. Co.*, No. C.I.A. 12-0019-WS-B, 2012 WL 2395194, at *3 (S.D. Ala. June 22, 2012)("diligence, not lack of prejudice, is the key to the Rule 16(b)(4) inquiry"). Moreover, even if Plaintiff had attempted to make a showing of good cause, he would not have been able to, as the facts clearly show a distinct lack of diligence on Plaintiff's behalf in the litigation of this case.

I.     **Plaintiff Has Not Shown Good Cause for the Proposed Amendment to Add Resurgent as a Party.**

Plaintiff claims that he was unaware of the facts giving rise to his claims against Resurgent Capital Services, namely: "Plaintiff was not aware that Resurgent Capital was acting in the name of LVNV Funding, LLC until the deposition of LVNV Funding, LLC's corporate representative on May 8, 2015." Amended Motion to Amend ¶ 38. This claim is patently disingenuous and false. First, Plaintiff was notified that Resurgent was managing the accounts in letters sent in January 2014. *See* Resurgent Letters, [DE 20-4; DE 20-5]. Every letter that Plaintiff received regarding the accounts was clearly identified as being from Resurgent: the

6

letters were on Resurgent letterhead and were signed "Customer Service Department, Resurgent Capital Services." *Id.* The January 2014 letters also contained a disclosure that Resurgent and LVNV were related companies. Plaintiff attached copies of these letters to the original complaint, filed a year ago, so it is impossible to say that Plaintiff was unaware that Resurgent was a potential party to this action until recently. *Id*. [DE 2-2, 2-3]

Furthermore, Plaintiff, in both the original complaint and the amended complaint, specifically alleged that Resurgent was "an agent of LVNV" in regards to the servicing of the account and communicating with Plaintiff regarding his disputes. *See* Comp. ¶ 16, 48, 59 [DE 2]; Amended Comp ¶ 16, 48, 59 [DE 20]. Plaintiff alleged almost a year ago that Resurgent was an agent of LVNV, but now claims that the same information is newly discovered in a desperate attempt to show good cause to add Resurgent as a party. Because Plaintiff himself plead that Resurgent was the agent of LVNV in this case, and because LVNV provided records and an employee from Resurgent during discovery, any error in not listing a corporate representative of Resurgent in the initial disclosures was a harmless error.  Plaintiff had every opportunity to inquire into the relationship between the two parties in any of the half dozen discovery requests she served on LVNV during the course of this litigation.[2] Plaintiff specifically had knowledge that Resurgent would be a potential party in regards to the FCCPA claim, as the letters, all of which are from Resurgent, are the sole remaining basis for Plaintiff's claims. In short, Plaintiff's delay is a result of a lack of diligence, and does not meet the burden of showing good cause.

---

[2] Plaintiff's counsel also previously represented to undersigned counsel that it was advantageous that Plaintiff had not added Resurgent as a party in this case as Plaintiff believed that documents produced by Resurgent would not be subject to the parties' confidentiality agreement.

Plaintiff quotes Federal Rule of Civil Procedure 15(c) to argue that the complaint against Resurgent should relate back to the date of the original complaint.[3] However, Rule 15(c) applies when "the amendment changes the party or the naming of the party against whom a claim is asserted." Plaintiff does not seek to substitute Resurgent for LVNV, instead Plaintiff seemingly seeks to dually recover from both Resurgent and LVNV for one set of actions. However, Plaintiff says that "but for a mistake concerning the proper party's identity" the case would have been brought against Resurgent. This language strongly suggests that even Plaintiff does not think that LVNV is the proper defendant in this action, yet Plaintiff simultaneously seeks to assert punitive damages against LVNV.  Because Plaintiff does not seek to substitute Resurgent for LVNV, Rule 15(c) does not apply, and Resurgent's awareness of the ongoing litigation is irrelevant.

Plaintiff's claims that the recent discovery that LVNV has no employees warrants amending the complaint to add a party is an insufficient basis, especially as Plaintiff had every opportunity to discover this information well before this point in litigation. A simple search of Westlaw readily shows the nature of the relationship between Resurgent and LVNV. *See Smith v. LVNV Funding, LLC,* 2 F. Supp. 3d 1089, 1098 (E.D. Tenn. 2014)("LVNV has no employees, does not send collection letters, and does not make telephone calls to debtors."); *Roberson v. LVNV Funding, LLC*, No. 2:12-CV-168, 2014 WL 4748305, at *9 (E.D. Tenn. Sept. 23, 2014)("LVNV has no employees, does not send collection letters, and does not make telephone calls to debtors."); *Cassa v. LVNV Funding, LLC,* 955 F. Supp. 2d 825, 827 (N.D. Ill. 2013)(accepting allegations that "LVNV has no employees, and all actions taken in the name of

---

[3] Plaintiff quotes rule 15(c) in ¶ 45-46 without explicitly citing to it.

LVNV are in fact taken by Resurgent…").[4] Furthermore, Plaintiff's counsel has acknowledged receiving this information prior to the May 8, 2015 deposition. *See* Gerwe Email [DE 70-1]. Therefore, Plaintiff cannot complain that this information was hidden from him. Plaintiff alleges that he attempted to subpoena Resurgent for a deposition, but Plaintiff only incorrectly served a subpoena on LVNV, and never noticed LVNV and served Resurgent for a deposition.[5] The information was readily available to Plaintiff, and any diligence on Plaintiff's part would have led to Plaintiff discovering this information at an earlier juncture. There is simply no excuse for Plaintiff's delay in moving to add Resurgent as a party. *See Johnson v. R.J. Reynolds Tobacco Co.,* 2013 WL 5555651, at *2 (M.D. Fla. Oct. 8, 2013)(court denied motion to amend due to plaintiff's lack of diligence).

## Plaintiff's Proposed Amendment to Add Resurgent and Reassert Claims Against LVNV is Futile.

"[T]he denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). As set forth in the Motion for Summary Judgment, which arguments are incorporated herein, Plaintiff cannot prove a violation of the FCRA or FCCPA by LVNV or by Resurgent, therefore, amending the complaint to add Resurgent as a party is futile. *See* Defendant's Motion [DE 55]. Furthermore, Plaintiff re-alleges claims against Resurgent and LVNV which were already dismissed by this Court. Plaintiff repeatedly references the furnishing of allegedly inaccurate information to credit reporting agencies, despite the fact that there is no private right of action

---

[4] Even if Plaintiff was not interested in searching a legal database in preparation for the lawsuit, a simple internet search appears to readily turn up similar information.

[5] Furthermore, the sought deposition was noticed only 1 week prior to the deposition and was outside the discovery deadline. A copy of what Plaintiff refers to as trying to subpoena Resurgent to the May 8 deposition of LVNV was previously filed with the Court. *See* [DE 61-1]

under the FCRA for such conduct and that the FCRA preempts any FCCPA claim on such grounds.

Plaintiff seeks to amend the complaint, but seemingly could not be bothered to edit the poorly pled counts, instead choosing to re-file a pleading that will necessitate the filing of a new motion to dismiss and another court order dismissing, for the third time, the claims as they pertain to FCRA peremption of state law and liability for furnishing inaccurate information. In the proposed second amended complaint, Plaintiff again alleges the furnishing of information as the basis for his FCCPA claim. *See* Proposed Second Amended Complaint ¶ 129 [DE 67 p. 19]. Furthermore, Plaintiff again alleges the furnishing of false information as the basis for the FCRA compliant. *See* Proposed Second Amended Complaint ¶ 141 [DE 67 p. 21].

This Court previously held that "To the extent Plaintiff's FCCPA claim (Count 1) is based on Defendant's provision of information to the consumer reporting agencies, it is DISMISSED with prejudice" and held that Defendant could not be liable to Plaintiff for furnishing inaccurate information, only for an inadequate investigation: "To the extent Count II is based on violations of 15 U.S.C. § 1681s-2(a), it is DISMISSED with prejudice." See Order Granting and Denying LVNV Motion to Dismiss, [DE 24]. Plaintiff cannot state a claim, either under the FCCPA nor the FCRA based on furnishing inaccurate information to credit reporting agencies. Plaintiff's claims regarding the furnishing of inaccurate information under 15 U.S.C. § 1681s-2(a) have been dismissed with prejudice twice. [DE 16, DE 24]. Not only does Plaintiff seek to reassert the same claims that have been dismissed twice, but now he wants to assert them against two other Defendants as well. Plaintiff's insistence on repeatedly bringing claims unsupported by statute or case law has caused Defendant to incur substantial legal costs in responding to the unfounded claims. Not only is this third attempt to bring the same insufficient

claim violative of this Court's prior orders, it is a substantial waste of both the Court's and Defendant's time and resources. This refiling of claims that the court has already dismissed at the very least makes the proposed amendment futile and borders on sanctionable conduct[6] that is needlessly wasting the Court's time and driving up the litigation costs for all parties.

**Plaintiff Has Not Shown Good Cause to Add Alegis Group as a Defendant and Such an Amendment Would Be Futile**

Plaintiff now attempts to add Alegis Group, LLC, as a Defendant. Plaintiff identifies no reasons as to why Alegis Group was not added earlier. Plaintiff identifies Alegis Group as a general partner in Resurgent Capital Services, but makes no showing as to why Plaintiff was unable to discover that Alegis Group was a potential party at a much earlier phase in litigation. Plaintiff cannot point to any newly discovered evidence regarding Alegis Group, as Alegis Group never came up once during the lengthy discovery period and Alegis Group is not related to any of Plaintiff's claims in this case. Indeed, the only reference to Alegis Group is in the May 8th deposition, when Plaintiff inquired as to the nature of Alegis Group. Plaintiff seemingly discovered the existence and alleged involvement of Alegis Group elsewhere, from another source. However, Plaintiff fails to show that he could not have made this discovery earlier. The general partner in a limited liability partnership is a matter of public record, yet Plaintiff apparently did not examine the public records for Resurgent Capital Services until after he filed his first motion for leave to amend. Not only did Plaintiff not look into Alegis Group as a defendant earlier during discovery, but Plaintiff failed to move to add Alegis Group as a party in the first motion for leave to amend the pleadings. There is no excuse for the delay, and

---

[6] Plaintiff has been specifically warned that sanctions would be imposed if court orders were ignored. See Order Denying Plaintiff's Motion Re Credit Reporting Agencies [DE 39].

absolutely no showing of diligence of any sort by Plaintiff. Therefore, Plaintiff has not shown good cause to add Alegis Group as a defendant at this state of the litigation.

Plaintiff's proposed complaint claims a myriad of allegations regarding the corporate nature of Alegis Group but fails to plead facts supporting alter ego liability. The proposed complaint alleges that Alegis Group is the "the sole partner of RESURGENT CAPITAL," that Resurgent and LVNV are instrumentalities of Alegis Group, and that all three companies are alter egos of one another. *See* Proposed Second Amended Complaint [DE 67 ¶ 8, 122, 123]. However, Plaintiff alleges no facts regarding the abuse of the corporate structure, as is necessary to pierce the corporate veil under such a theory. *See In re Homelands of DeLeon Springs, Inc.*, 190 B.R. 666, 670 (Bankr. M.D. Fla. 1995)("This Court's reading…is that the Florida Supreme Court has overruled the use of the instrumentality doctrine alone and that only the 'piercing the corporate veil' doctrine may be used in Florida, which has in it a fraud requirement.") *Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1374 (S.D. Fla. 2011) (dismissing alter ego theory for failure to plead facts supporting a claim of alter ego liability). Plaintiff's legal conclusions regarding the intermingled nature of the companies fail to sufficiently plead a case for piercing the corporate veil. Furthermore, as previously mentioned, nothing in discovery has shown that Alegis Group had any involvement in this case.. Therefore, because the complaint completely fails to plead facts sufficient to support a claim against Alegis Group, such an amendment would be futile.

**Plaintiff Has Not Shown Good Cause to Add a TCPA Claim.**

Plaintiff has not made any showing of diligence in regard to a request to add a TCPA claim. Plaintiff claims that at the May 8th deposition he "learned that Resurgent Capital used an automated dialer to call his cell phone a number of times beginning on January 14." First, the deposition testimony does not contain such testimony; instead the deponent testified "I'm not

really sure if they were using an autodialer at that time." *See* Henderson Depo 207:11-12 [DE 65-10, p. 3]. Furthermore, Plaintiff initiated the questioning regarding the calls based on entries in the account history notes that referenced "autocalls." *See* Henderson Depo 207:3-4 [DE 65-10, p. 3]. It defies logic for Plaintiff to claim that the newly discovered information was revealed at the deposition, when Plaintiff clearly had the account history notes referencing "autocalls" prior to the deposition, and the only relevant information gained at the deposition was a response that the deponent did not know whether an autodialer was used.[7] Because Plaintiff did not learn at the deposition that he was called with an autodialer, there is no new evidence that constitutes good cause to drastically amend the pleadings. Furthermore, even if Plaintiff had discovered such information at the deposition, he fails to justify a delay of almost month in amending the pleadings after the deposition. Plaintiff filed a motion to amend in the interim, but curiously declined to bring a TCPA claim in that motion.

Plaintiff cannot show that he was unable to discover the existence of any calls from Resurgent at an earlier date. Plaintiff's phone records are in Plaintiff's possession and Plaintiff could have examined those prior to filing the original complaint, or at any other juncture of this litigation, if he believed he was receiving calls from Defendant or Resurgent. Plaintiff also failed to serve any discovery requests regarding the newly alleged violative calls. Instead, Plaintiff testified at his deposition that he never received any calls regarding the accounts. Specifically, Plaintiff testified as follows:

> 10 Q Did you receive any telephone calls in regards to
> 11 the account -- to these accounts?
> 12 A On my personal phone, no, ma'am.
> 13 Q On another phone?
> 14 A No, ma'am.

---

[7] The nature of any calls made during the dispute was not at issue at the time of the deposition, as there was no TCPA claim and the question was outside the notice of deposition.

Arianas Depo 93:10-14 [DE 56-1].  Therefore, not only is the proposed amendment untimely and without cause, but it is directly contrary to Plaintiff's sworn testimony. Therefore, the proposed amendment is futile.

**Plaintiff's Proposed Amendment to Add Punitive Damages Does not Arise from New Information and Is Futile.**

Plaintiff also seeks to amend the complaint to seek punitive damages. Such an amendment  would be futile, as Plaintiff cannot prove any violation of the FCCPA, much less malicious intent on the part of LVNV. Plaintiff points to a recent "discovery" of alleged insufficiencies in Defendant's records as the reason for needing to add a claim for punitive damages.  However, none of the information Plaintiff references in his motion was "discovered for the first time." All the documents Plaintiff describes, such as the data string for both accounts, were produced to Plaintiff in December 2014. Plaintiff's counsel's assumptions of how Defendant pled its position or responded to discovery, should and could have been addressed months ago. Also, Plaintiff chose to take Defendant's deposition at the very end of the discovery period.  Defendant should not be penalized for Plaintiff's lack of diligence. Further, as fully briefed in the motion for summary judgment, to prove a violation of the FCCPA, Plaintiff must show that LVNV was trying to collect on a debt that it actually knew was illegitimate. Furthermore, "to obtain punitive damages for violation of the FCCPA, the plaintiff must establish that the defendant acted with malicious intent." *Cresco v. Brach Feld Law GRP.*, No. 11-60569-CIV, 2011 WL 4527804, at *6 (S.D. Fla. Sept. 28, 2011). Nothing that Plaintiff has identified as "new information" demonstrates actual knowledge that the debt was illegitimate, much less that LVNV or Resurgent acted with malicious intent to collect a debt they knew was illegitimate. Therefore, Plaintiff's attempts to add a claim for punitive damages are not based on

14

any newly discovered information that would support such a claim, and therefore the amendments would be futile.

## LVNV Would Be Prejudiced by Adding Parties and Claims at this Late Stage of Litigation.

In this case, discovery has concluded and the deadline for dispositive motions has already passed. Defendant has fully briefed a motion for summary judgment. Essentially, returning this case to square one by adding a new party and new claims for damages would be extremely prejudicial. The motion for summary judgment as filed already fully addresses liability for LVNV under the FCRA and the FCCPA. Were Resurgent and Alegis Group to be added as new parties, they would have the right to retain separate counsel and potentially conduct additional discovery. Furthermore, Plaintiff will likely attempt to conduct further discovery. Reopening discovery would be both costly and needless, because the extensive discovery and litigation shows that neither LVNV nor Resurgent violated the law, and there is no evidence whatsoever implicating Alegis Group.

In regards to the TCPA claim, allowing Plaintiff to amend the complaint to allege a completely new statutory cause of action would be highly prejudicial to Defendant. The TCPA claim would necessitate additional discovery, which would be incredibly inefficient considering the lengthy discovery already undertaken in this case. Contrary to Plaintiff's assertion, Defendant was in no way on notice that Plaintiff would assert a TCPA claim, as nothing in the pleadings or communication with Plaintiff's counsel suggested as much. Plaintiff's initial and amended complaints are absolutely devoid of any allegations regarding telephone calls to Plaintiff. Instead, Plaintiff's direct deposition testimony in April 2015 that he never received any calls would lead Defendant to believe that a TCPA claim was not forthcoming. Plaintiff seemingly realizes that he cannot survive the pending motion for summary judgment and attempts to allege new, meritless causes of action in an attempt to conduct additional discovery to rectify his past

omissions in litigation. This approach needlessly drives up Defendant's litigation costs, and is a considerable waste of the Court's resources and time.

Further delay in discovery and additional litigation would also possibly jeopardize the recently set trial date in October. At this point in litigation, Defendant has already expended the anticipated resources to get to a point to favorably resolve this case, with the exception of the cost of potentially briefing a reply to a response to the motion for summary judgment. In short, allowing Plaintiff to go back and essentially re-litigate this case, after all of the resources that have been put into resolving this case, for the sole reason that Plaintiff made a deliberate decision not to initially add all possible parties and claims a year ago, would be extremely prejudicial to Defendant.

## <u>CONCLUSION</u>

Plaintiff has failed to show good cause as to why he failed to amend the complaint within the allowable time. There is no newly discovered information that warrants amending the complaint. In the original and amended complaints, Plaintiff knew enough to allege Resurgent was an agent of LVNV, but instead made the choice to only sue LVNV. Further, there is no new information that warrants adding Alegis Group as a defendant, nor a claim for punitive damages or a TCPA claim. The proposed amended complaint reasserts claims that have been twice dismissed by this Court, which constitutes a repeated failure to cure a deficiency, and is an egregious waste of Defendant's and this Court' recourses. LVNV would be significantly prejudiced by Plaintiff amending the complaint, and therefore, this Court should deny Plaintiff's motion.

15070488v1 0960148

WHEREFORE, Defendant, LVNV FUNDING, LLC, respectfully requests this Court deny Plaintiff's Amended Motion for Leave to Amend the Pleadings, and any other relief this Court deems proper.

> *s/Barbara Fernandez*
> Barbara Fernandez
> Florida Bar No. 0493767
> bfernandez@hinshawlaw.com
> West A. Holden
> Florida Bar No. 0113569
> wholden@hinshawlaw.com
> HINSHAW & CULBERTSON LLP
> 2525 Ponce de Leon Blvd.
> 4th Floor
> Coral Gables, FL 33134
> Telephone: 305-358-7747
> Facsimile: 305-577-1063
> Attorneys for Defendant LVNV FUNDING, LLC.

Case No. 8:14-cv-01531 DJW EA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sheri L. Gerwe, Esq.
Bayway Law, P.A.
2822 54th Avenue South
Suite 227
St. Petersburg, FL  33712
Tel:  727-430-8477
sherilfreeman@hotmail.com
Attorneys for Plaintiff

*s/Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
West A. Holden
Florida Bar No. 0113569
wholden@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile:  305-577-1063
Attorneys for Defendant LVNV FUNDING,
LLC.

18